# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANJIT CHEEMA, | 1:10-cv-01264-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| NEIL H. ADLER, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

Petitioner filed the instant petitio for writ of habeas corpus on July 15, 2010, and claims his due process rights were violated in relation to a disciplinary infraction he received for possession of safety glasses.  Petitioner was assessed the loss of 120 days of Commissary and Phone Privileges.  (Ex. B, to Pet.)

DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can

1

show that "he is in custody in violation of the Constitution. . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has held that "habeas jurisdiction is absent ... where successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

In this case, although Petitioner was assessed a loss of commissary and telephone privileges for 120 days, he did not suffer a credit loss that would shorten his sentence.  Accordingly, habeas corpus jurisdiction is not available since a successful challenge to the disciplinary proceeding would not shorten his sentence.  Id.  Because there is no habeas relief available, the petition must be dismissed.  Should Petitioner wish to pursue his claims, he should do so by way of a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED; and

2. The Clerk of Court is directed to terminate this action in its entirety.

IT IS SO ORDERED.

Dated:   **August 16, 2010**               /s/ **Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE